IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Jabbar Straws, #231018, | ) | |
| | ) | Civil Action No. 5:15-3113-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Bryan Stirling, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's action be dismissed without prejudice. (ECF No. 15). Plaintiff was advised of his right to file objections to the Report (ECF No. 15 at 7), and he has filed timely objections. (ECF No. 21).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The magistrate judge recommended dismissal of Plaintiff's case because he failed to exhaust his administrative remedies. (ECF No. 15). The magistrate judge found that there is no

"emergency exception" to the exhaustion requirement. (ECF No. 15 at 3). In his objections, Plaintiff claims that filing a grievance to exhaust administrative remedies would take too long. (ECF No. 21 at 1). Instead of filing a grievance, Plaintiff asks this court to issue an order requiring the South Carolina Department of Corrections ("SCDC") to put locks on cell doors that would allow prisoners to lock their doors from the inside of their cells. (ECF No. 21 at 3).

The court finds that the magistrate judge thoroughly discussed that Plaintiff must exhaust his administrative remedies prior to filing his lawsuit. As indicated by the magistrate judge, SCDC has a procedure in place for emergency situations. The court finds that Plaintiff must avail himself to the SCDC grievance procedure prior to instituting a lawsuit. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("[E]xhaustion of available administrative remedies is required for any suit challenging prison conditions . . . ." (citation omitted)).

Accordingly, after a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 15) and incorporates it herein. Therefore, Plaintiff's action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

December 21, 2015
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.